**SUPERIOR COURT**
**OF THE**

**T. HENLEY GRAVES**
*RESIDENT JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE 2**
**GEORGETOWN, DE 19947**
**(302) 856-5257**

June 26, 2015

Kenneth Jewell
SBI# 002
SCI
P.O. Box 500
Georgetown, DE 19947

RE: *State of Delaware v. Kenneth Jewell*, Def. ID# 1109012161 ( R-1)

DATE SUBMITTED: May 18, 2015

Dear Mr. Jewell:

Pending before the Court is the motion for postconviction relief which defendant Kenneth Jewell ("defendant") has filed pursuant to Superior Court Criminal Rule 61 ("Rule 61"). The applicable version of Rule 61 is that effective June 4, 2014.[1] Also pending are defendant's motion to proceed *in forma pauperis*/request for transcripts to be used in connection with the Rule 61 motion.

On October 28, 2011, defendant pled guilty to charges of resisting arrest, failing to stop at a police signal, and kidnaping in the second degree. He was sentenced on that date. Defendant did not file an appeal from that judgment; consequently, the judgment was final as of October 28, 2011.

Over three and a half years later, on May 18, 2015, defendant filed his first postconviction motion. In that motion, he asserts a conflict of interest, ineffective assistance of counsel, and "letters from alledge [sic] victim". He does not submit these letters, but his description of them corresponds

---

[1]A copy of that version is enclosed herein.

to the October 12 and 13, 2011 letters submitted to the Court on April 12, 2012.[2] In these letters, the victim informs the defendant that she was under the influence of drugs when the crimes were committed, that she cannot remember exactly what happened during the crimes, and that she provided this information to defendant's trial attorney.

The motion was not filed within a year of when the judgment of conviction was final, and thus, it is time-barred.[3] To avoid that bar, defendant either must have:

> (I) [pled] ... with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> (ii) [pled] ... with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[4]

Defendant has failed to make this showing. Defendant's motion is time-barred, and consequently, is DISMISSED.[5] Furthermore, because the Rule 61 motion is procedurally barred, the requests for a transcript/motion to proceed *in forma pauperis* are denied.

IT IS SO ORDERED.

Very truly yours,

*/s/ T. Henley Graves*

T. Henley Graves

cc: Prothonotary's Office
    Martin Cosgrove, Esquire
    Robert Robinson, Esquire

---

[2]Docket Entry No. 23.

[3]Rule 61(i)(1).

[4]Rule 61(i)(5); Rule 61(d)(2).

[5]Defendant did not ask that counsel be appointed to represent him. Because the motion is not timely, he is not entitled to the appointment of counsel. Rule 61(e).